IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| STEVEN SLADCIK, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. SA:11-CA-0529-FB |
| MK MARLOW COMPANY LLC, MARK MARLOW and MIKE ISBELL, | § | |
| Defendants. | § | |

## DEFENDANTS MK MARLOW COMPANY, LLC, MARK MARLOW, AND MIKE ISBELL'S AMENDED MOTION FOR SANCTIONS AGAINST PLAINTIFF STEVEN SLADCIK

TO THE HONORABLE UNITED STATES CHIEF JUDGE FRED BIERY:

Defendants MK Marlow Company, LLC, Mark Marlow, and Mike Isbell (collectively "Defendants") move this Court for an Order imposing sanctions on Plaintiff Steven Sladcik based upon his filing of a frivolous lawsuit, and in support thereof, would respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiff Steven Sladcik ("Plaintiff") initiated this action by filing a Complaint with this Court containing false allegations and offering fabricated documents. In defense of this frivolous lawsuit, Defendants have incurred significant legal fees and suffered damage to their reputations. Moreover, even now, Plaintiff continues to harass defendant Mark Marlow. Although Plaintiff seeks a dismissal of this litigation <u>without prejudice</u> to avoid responding to discovery which will establish the misrepresentations Plaintiff has made in this litigation, Defendants have suffered monetary damages and continue to suffer damages to their reputations. Accordingly, Defendants respectfully request that this Court impose monetary sanctions on Plaintiff to deter him from continuing to

harass Defendants, and to compensate Defendants for the damages suffered in defending this frivolous lawsuit.

## II.
## SUMMARY OF FACTS

### A. Procedural Background

Plaintiff initiated this litigation by filing his Original Complaint and Jury Demand ("Complaint") in this Court on June 30, 2011. Plaintiff alleges in his Complaint that he was wrongfully discharged from his employment at MK Marlow Company, LLC ("MK Marlow"). Plaintiff contends in the Complaint that his employment was terminated because he "discovered that Defendants had developed and implemented a scheme of defrauding their general contractors and their federal and local governmental clients by hiring subcontractors to perform work."[1] Plaintiff further contends that "[a]lthough hiring subcontractors is not illegal in its own right, in many cases Defendants intentionally did not inform the prime contractors of the Government that subcontractors were being used, that subcontractors were being paid outside the certified payroll system required by the governmental construction contracts and applicable federal laws, and that subcontractors' workers were not being paid prevailing wages in accordance with the Davis Bacon Act as required by both federal law and the construction contracts."[2] Plaintiff goes on to allege that "[t]o conceal this fraudulent activity, Defendants intentionally falsified their certified payrolls on a frequent basis, including on federal government construction projects and local government construction projects that, upon information and belief, were funded by federal grants and monies."[3] Plaintiff purports to support his allegations by attaching memorandums to the Complaint that he claims to have drafted and delivered to MK Marlow management.[4] Plaintiff additionally claims that when he reported these alleged violations to defendant Mark Marlow, in response Mark Marlow

---

[1] Complaint, located at Doc. 1, at ¶ 11.
[2] *Id.*
[3] *Id.*
[4] *See* Complaint, Exhibits 1-4.

threatened Defendant by saying "If you can't keep your mouth shut, I know some people who will keep your mouth shut."[5] Based upon these allegations, Plaintiff pleads claims for relief of Retaliation under 31 U.S.C. §3730(h) and Defamation against the Defendants.

### B. Underlying Facts Regarding Plaintiff's Termination from Employment

Plaintiff was not fired from his employment due to retaliation.[6] Rather, Plaintiff was fired from his employment because of dishonesty and poor performance.[7] During Plaintiff's employment at MK Marlow, it came to the attention of Mark Marlow that Plaintiff was submitting personal charges on his company issued credit card, and not reimbursing MK Marlow for the expenses incurred.[8] The expenses included Plaintiff's cable television bill, charges at a local convenient store, and dinners and drinks at restaurants.[9] When confronted about the expenses, Plaintiff—after initially lying and stating that the expenses were for gas—admitted that the incurred the expenses were personal, but claimed that the expenses were for food because he did not have enough money to eat.[10] Plaintiff signed a document admitting that he stole money from MK Marlow.[11]

Plaintiff worked for MK Marlow for 16 months.[12] During his employment with MK Marlow he worked at various times as the Head of Safety as well as a Project Manager.[13] Plaintiff routinely failed to meet expectations when employed in his positions at MK Marlow.[14] During his various positions at MK Marlow, MK Marlow management received complaints from general contractors and vendors that Plaintiff failed to plan ahead, lied to general contractors, threatened vendors, and failed to keep up with necessary paper work.[15]

---

[5] *See* Complaint at ¶ 27.
[6] *See* Affidavit of Mark Marlow at ¶ 4, filed herewith (hereinafter "Marlow Aff.").
[7] *Id.*
[8] *See* Marlow Aff. at ¶ 5.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *See* Marlow Aff. at ¶ 3.
[13] *Id.*
[14] *See* Marlow Aff. at ¶ 6.
[15] *Id.*

Eventually, it was also discovered that Plaintiff had lied about his educational history on his resume.[16] In particular, Plaintiff submitted a resume to MK Marlow stating that he attended and received degrees from Purdue University and Bradley University.[17] However, MK Marlow conducted a background search which revealed that Plaintiff had not attended either university.[18] Defendants have recently realized that Plaintiff's educational history was not the only false statement on his resume. Rather, through third-party discovery, it was revealed that Plaintiff also falsified his employment history and educational history with previous employers.[19] Accordingly, Plaintiff was fired from his employment at MK Marlow due to his poor performance and dishonesty.[20]

During the Initial Pretrial Status Conference[21] before this Court, Plaintiff represented to the Court that he did not graduate from Purdue University or Bradley University and insisted that the resume produced by Defendants was not the resume that he gave them. Defendants provide the Court with the resume that they received from Plaintiff attached to an email from Plaintiff.[22] Defendants have several written discovery request that are overdue from Plaintiff which, if answered, would require him, under oath, to provide an accurate educational history. Combining the aforementioned third-party discovery which demonstrates that Plaintiff has falsified his educational and employment history to other employers, with the written discovery request, Defendants are certain this proves to this Court that Plaintiff falsified his testimony to this Court. Plaintiff, however, seeks to avoid this by refusing to answer the outstanding written discovery, and seeking dismissal of his claims <u>without prejudice</u>.

---

[16] *See* Marlow Aff. at ¶ 7.
[17] *Id.*
[18] *See* Marlow Aff. at ¶ 8.
[19] *See* Marlow Aff. at ¶ 9.
[20] *See* Marlow Aff. at ¶ 4.
[21] *See* October 5, 2011 Transcript, attached hereto as Exhibit A.
[22] *See* Marlow Aff. at ¶ 7.

### C. Plaintiff's Allegations of Fraud and Conspiracy are Frivolous and Unsupported by Facts

#### 1. Plaintiff's Allegations regarding Certified Payroll are Baseless

Furthermore, Defendants now believe that Plaintiff's lawsuit is frivolous and filed in bad faith.[23] Defendants conducted a thorough internal investigation of Plaintiff's claims that MK Marlow was falsifying payroll records and paying subcontractors below the prevailing wage as established by the Davis Bacon Act.[24] Specifically, the investigation focused on the projects which Plaintiff alleges that he was terminated in retaliation for raising concerns about certified payroll compliance by MK Marlow.[25] The projects are the Southern Texas Research Facility Project, the Warrior's in Transition Project, the Barracks 904 Project, and the Army Reserve Center Project (collectively, the "Projects at Issue").[26]

The internal investigation did reveal that while necessary paper work may not have been filed by subcontractors; this was nothing more than a simple mistake amounting to a clerical error.[27] Moreover the mistake was not committed with any intent to deceive or commit fraud on employers or the government.[28] Plaintiff never raised a concern to Mark Marlow or any other MK Marlow management employee, rather the mistake was discovered and brought to the attention of MK Marlow management by MK Marlow employee Debbie Eblin.[29] Plaintiff did not ever complain of or discuss any issues with certified payroll with MK Marlow management.[30] Upon discovering the mistake, MK Marlow immediately rectified the mistake and required certified payroll forms on all projects on which it was using subcontractors.[31] Most importantly, MK Marlow and its subcontractors always paid the prevailing wage or higher to all employees of subcontractors who

---

[23] *See* Marlow Aff. at ¶ 10.
[24] *See* Marlow Aff. at ¶ 11.
[25] *Id.*
[26] *See* Complaint at ¶¶ 11-25.
[27] *See* Marlow Aff. at ¶ 12.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*

were employed on the Projects at Issue.[32] This directly contradicts Plaintiff's allegation in the Complaint that "subcontractors' workers were not being paid prevailing wages in accordance with the Davis Bacon Act as required by both federal law and the construction contracts."[33] Additionally, Mark Marlow never threatened Plaintiff, as he claims.[34]

        2.       <u>Plaintiff's Allegations Regarding Violations of E-Verification are False</u>

The internal investigation also revealed that Plaintiff's allegations that Defendants failed to conduct background checks are frivolous as well.[35] In particular, Plaintiff alleges that MK Marlow, while working on the Army Reserve Center Project at Fort Sam Houston, sent a non-E-Verified employee to the project and omitted the employee from the certified payroll.[36] Some projects on which MK Marlow participates require that all employees must be E-Verified prior to arriving on the jobsite.[37] E-Verification requires that the employer verify that each employee is a U.S. Citizen and/or eligible to work in the United States through an online system.[38] The internal investigation revealed that on the Army Reserve Center Project at Fort Sam Houston, non-E-Verified employees were sent to the jobsite; however, the supervisor was instantly notified and the non-E-Verified employees were immediately told to leave the project.[39] Plaintiff, however, never raised any concerns with E-Verification with MK Marlow.[40]

        3.       <u>The Memorandums Attached to Plaintiff's Complaint were Never Given to MK Marlow</u>

Plaintiff attempts to support his allegations by attaching memorandums to the Complaint that he claims to have authored and distributed to MK Marlow management.[41] The memorandums,

---

[32] *See* Marlow Aff. at ¶ 13.
[33] *See* Complaint at ¶ 11; *see also* Complaint at ¶ 12 ("In this way, Defendants were able to use cheap labor and not paying prevailing wages, all the while being paid based on contract prices that assumed Defendants were paying prevailing wages."); *see also* Marlow Aff. at ¶ 13.
[34] *See* Marlow Aff. At ¶ 12.
[35] *See* Marlow Aff. at ¶ 14.
[36] *See* Complaint at ¶ 14.
[37] *See* Marlow Aff. at ¶ 14.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *See* Exhibits 1-4 to the Complaint, at Doc. 1.

however, were not distributed to MK Marlow management.[42] Further, no documents were located on Plaintiff's computer that are similar to the memorandums.[43] Accordingly, Defendants believe that Plaintiff fabricated the Memorandums in an attempt to support his false and frivolous claims for relief.[44]

        4.    <u>Plaintiff Admits to Attempting to Blackmail Defendant Mark Marlow</u>

Our investigation further revealed that Plaintiff told a former MK Marlow employee that he had stolen materials off of Mark Marlow's personal computer.[45] He further informed the employee that MK Marlow could not fire him, because he has stolen materials from Mark Marlow's computer that he could use to embarrass Mark Marlow.[46] In fact, after it was discovered that Plaintiff had falsified his educational and work histories with other employers, Mark Marlow received a package through the mail that contained materials of a very personal nature that were only contained on Mark Marlow's personal computer.[47] Mark Marlow believes that this package was sent by Plaintiff in an attempt to blackmail, harass, and intimidate him.[48]

    **D.**    **<u>Damages Incurred by Defendants</u>**

As a result of the false allegations pled by Plaintiff, Defendants have incurred significant costs in defending this litigation.[49] Moreover, Defendants suffered damages to their reputations when they were forced to explain Plaintiff's baseless allegations to third-parties—including employers—who were unrelated to this action.[50] In particular, Plaintiff subpoenaed contractors who employ MK Marlow on projects, other than the Projects at Issue.[51] Plaintiff's act of subpoenaing these unrelated contractors brought Plaintiff's suit to the attention of contractors which MK Marlow

---

[42] *See* Marlow Aff. at ¶ 15.
[43] *Id.*
[44] *Id.*
[45] *See* Marlow Aff. at ¶ 16.
[46] *Id.*
[47] *See* Marlow Aff. at ¶ 17.
[48] *Id.*
[49] *See* Marlow Aff. at ¶ 18.
[50] *Id.*
[51] *Id.*

*Defendants' Amended Motion for Sanctions against Plaintiff Steven Sladcik*    Page 7
DL/2782054v1

does business and thereby forced MK Marlow to explain Plaintiff's baseless claims to its employers.[52] Accordingly, MK Marlow suffered damage to its reputation.[53] In deed after Defendants file a Motion to Quash based on this discovery being sought for the purpose of hurting Defendants business relations, Plaintiff has never responded to that motion.[54] Plaintiff cannot articulate any basis for seeking discovery from MK Marlow contractors, other than to damage Defendants business reputation and relationship.

### III.
### ARMGUMENTS AND AUTHORITIES

The purpose of Rule 11 sanctions is to protect the Court and parties from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings. *Cobell v. Norton*, 211 F.R.D. 7 (D.D.C. 2002). One federal court has observed that "[i]t is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in the law. Bu the amended Rule 11 makes clear that he who seeks vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees." *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinist and Aerospace Workers*, 802 F.2d 247, 255 (7th Cir. 1986). Specifically, the relevant provisions of Rule 11(b) provide as follows:

> By presenting to the court a pleading, written motion or other paper—whether by singing, filing, submitting or later advocating it— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . .

---

[52] *Id.*
[53] *Id.*
[54] *See* Defendants' Motion to Quash Plaintiff's Notice of Intention to take Deposition by Written Questions, Doc. 13.

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

When a party fails to comply with the requirements of Rule 11(b), sanctions are appropriate. Fed. R. Civ. P. 11(c)(1). In awarding sanctions under Rule 11, a court must consider (1) deterrence; (2) that sanctions are meant to compensate a party receiving an award for expenses incurred in litigating the improperly filed pleading and sanctions motion; (3) mitigation of expenses; and (4) the sanctioned party's ability to pay. *Danvers v. Danvers*, 959 F.2d 601 (6th Cir. 1992).

The factual contentions alleged by Plaintiff in his Complaint lack evidentiary support and the only such purpose for Plaintiff's allegations is to attempt to extort money from Defendants, harass Defendants, and interfere with Defendants business relationships. Moreover, Plaintiff's false allegations against Defendants amount to alleging that Defendants committed crimes.[55] Furthermore, Plaintiff attempted to support his allegations by attaching falsified documents to his Complaint. Moreover, once Plaintiff was informed that MK Marlow had proof of his lying about his educational and work histories to MK Marlow and other employers, Plaintiff continued to harass defendant Mark Marlow by sending him personal files that were stolen from his personal computer. Defendants have incurred substantial legal fees in defending themselves from Plaintiff's baseless claims. Defendants have also suffered damage to their reputation, as Plaintiff subpoenaed records from contractors who employ MK Marlow on jobs, other than the projects at issue.[56]

Defendants do not believe that Plaintiff will be deterred from harassing Defendants in the future if Plaintiff is allowed to dismiss this matter, leaving Defendants to deal with the monetary and reputational costs of this litigation. Faced with Discovery that will reveal that Plaintiff had lied to the Court and filed this suit for the purpose of harassment, Plaintiff now wants to dismiss this suit <u>without prejudice</u>. Of course, a dismissal without prejudice will allow Plaintiff to refile his suit in

---

[55] *See* Exhibit A, p. 4 ("THE COURT: Okay. And let me say that I've—and again, all I've read is the memo. But it's very detailed. Mr. Sladcik is making some very serious allegations, that –not only is he alleging civil things. He's alleging crime, is he not? MR. GALO: Yes, Your Honor. . .")
[56] *See* Defendants' Motion to Quash Plaintiff's Notice of Intention to take Deposition by Written Questions, Doc. 13.

this Court or any other court at anytime over the next 18 months. Defendants respectfully request that this Court impose monetary sanctions on Plaintiff to deter Plaintiff from continuing to harass Defendants and harm their business interest.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants MK Marlow Company LLC, Mark Marlow and Mike Isbell respectfully request that the relief requested herein be granted and for such other further relief, both general and special, legal or equitable, to which Defendants may be entitled.

SEDGWICK, LLP
919 Congress Avenue, Suite 1250
Austin, Texas 78701
512.481.8400 (telephone)
512.481.8444 (telecopier)
michael.shaunessy@sedgwicklaw.com
eric.johnston@sedgwicklaw.com

By: /s/ Michael Shaunessy
MICHAEL SHAUNESSY
State Bar No. 18134550

ERIC A. JOHNSTON
State Bar No. 24070009

*Attorneys for Defendants MK Marlow Company LLC, Mark Marlow and Mike Isbell*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 28th day of November, 2011, I electronically filed the foregoing Amended Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael V. Galo, Jr.
GALO LAW FIRM, P.C.
4230 Gardendale Bldg. 401
San Antonio, Texas 78229
210.616.9898 (facsimile)
***Attorneys for Plaintiff Steven Sladcik***

/s/ Eric A. Johnston
Michael Shaunessy
Eric A. Johnston

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN SLADCIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA:11-CA-0529-FB |
| | § | |
| MK MARLOW COMPANY LLC, MARK | § | |
| MARLOW and MIKE ISBELL, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS'
AMENDED MOTION FOR SANCTIONS AGAINST PLAINTIFF STEVEN SLADCIK**

Having considered Defendants' Amended Motion for Sanctions against Plaintiff Steven Sladcik, the Court is of the opinion that said Motion should be granted. IT IS THEREFORE,

ORDERED that Defendants' Amended Motion for Sanctions against Plaintiff Steven Sladcik is GRANTED. It is further,

ORDERED that Plaintiff shall pay Defendants $_____ in monetary sanctions pursuant to Federal Rule of Civil Procedure 11.

SIGNED this _____ day of _____, 2011.

---

UNITED STATES CHIEF JUDGE FRED BIERY