```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION


STEVEN SLADCIK,                    *
                                   *
         Plaintiff,                *
                                   *
   v.                              *      CIV. NO. SA-11-CA-529-FB
                                   *
MK MARLOW COMPANY, LLC,            *
MARK MARLOW, and                   *
MIKE ISBELL,                       *
                                   *
         Defendants.               *
```

**MEMORANDUM AND RECOMMENDATION**

Steven Sladcik instituted this action for wrongful discharge from employment under 31 U.S.C. § 3730(h), the anti-retaliation provision of the Federal False Claims Act. According to his complaint, Sladcik worked for defendant MK Marlow Company, LLC from December 2009 until April 8, 2011, when he was discharged for allegedly making, in good faith, internal complaints to defendants President Mark Marlow and Vice President/Chief Operating Officer Mike Isbell that they had engaged in illegal activities and committed fraud against the Government by knowingly and intentionally submitting false certified payroll reports required by the Davis Bacon Act. Sladcik now seeks to dismiss his lawsuit. (Docket no. 16). Defendants have filed a motion and amended motion for sanctions, arguing that this lawsuit is frivolous. (Docket nos. 18, 19). The motions of all parties should be granted.

## Background

Plaintiff instituted this lawsuit through counsel, Michael Galo, on June 30, 2011. In his complaint, plaintiff alleged that he commenced work for MK Marlow in December 2009. He states that, over the course of December 2010 and January 2011, he discovered that defendants had developed and implemented a scheme of defrauding their general contractors and their federal and local governmental clients by hiring subcontractors to perform work, without informing the prime contractors or the Government that subcontractors were being used, that subcontractors were being paid outside the certified payroll system required by the governmental construction contracts and applicable federal laws, and that subcontractors' workers were not being paid prevailing wages in accordance with the Davis Bacon Act as required by both federal law and the construction contracts. Plaintiff contends that, to conceal this fraudulent activity, defendants intentionally falsified their certified payrolls on a frequent basis, including on federal government construction projects and local government construction projects that, upon information and belief, were funded by federal grants and monies. According to plaintiff, in this way, defendants were able to use cheap labor and not pay prevailing wages.

Plaintiff alleges that he repeatedly protested this fraudulent activity, both verbally and in writing, to defendants Marlow and

Isbell, but on each occasion, was told to "shut up" and to mind his own business. He states that he also learned that the Company was not conducting mandatory background checks required by some of the construction contracts. When he brought up this issue in a construction team meeting, he was stopped and again told by Marlow and Isbell to "keep [his] mouth shut." Plaintiff alleges that his continued complaints about fraud met with threats and harassment. Finally, on April 8, 2011, plaintiff was discharged. Plaintiff has sued defendants under 31 U.S.C. § 3730(h) which forbids discrimination/retaliation against an employee who has made an intra-corporate complaint about fraud against the Government. He also brought a cause of action for state law defamation.

A Scheduling Order was issued August 12, 2011. According to defendants' motion to compel (docket no. 17), on September 22, 2011, defendants served discovery requests on plaintiff. On October 24, 2011, plaintiff's attorney, Michael Galo, requested an extension of time to file responses, indicating that he had not heard from his client in a week and advising defendants' attorney he may need to file a motion to withdraw. (Docket no. 17, exh. 3). Galo sent an e-mail to defendants' attorney on November 2, 2011 indicating that he had advised plaintiff he could no longer represent him. (Docket no. 17, exh. 4). Plaintiff told Galo he wished to dismiss this case. (Id.). Galo filed the motion to dismiss on November 22, 2011, indicating that it was opposed by

3

defendants. (Docket no. 16). At the same time, Galo filed a motion to withdraw. (Docket no. 15).

Defendants did not respond to plaintiff's motion to dismiss but, instead, filed the motion and amended motion for sanctions. Plaintiff has not responded to those motions. (Docket nos. 18, 19). In granting the motion to withdraw, the District Court, on December 1, 2011, advised plaintiff to file an Advisory by January 4, 2012 indicating whether he intended to find new counsel or to proceed **pro se** in this matter. (Docket no. 20). The District Court stated that the failure to comply with that deadline would result in the imposition of sanctions against plaintiff. Pending motions and discovery deadlines were abated pending further order of the Court. Plaintiff did not respond to the District Court's Order.

## **Analysis**

In his motion, plaintiff asks that this lawsuit be dismissed without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P. Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case. **In re FEMA Trailer Formaldahyde Products Liability Litigation**, 628 F.3d 157, 162 (5th Cir. 2010). Typical examples of such prejudice occur when a party proposes to dismiss

4

the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense. *Id.*

When a court is faced with a Rule 41(a)(2) motion, it should "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." **FEMA Trailer Formaldahyde Products Liability Litigation**, 628 F.3d at 162, *quoting*, **Elbaor v. Tripath Imaging, Inc.**, 279 F.3d 314, 317 (5th Cir. 2002). If such prejudice would ensue, the court may either refuse to dismiss the case or may "craft conditions that will cure the prejudice." *Id.*, *quoting*, **Elbaor**, 279 F.3d at 318. Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. **Rule 41(a)(2), Fed.R.Civ.P.** Requiring dismissal with prejudice is one available option; the court exercises considerable discretion even in selecting this condition, but it "must be careful to craft conditions that are not overbroad." *Id.*, *quoting*, **Elbaor**, 279 F.3d at 320.

In their amended motion for sanctions, defendants assert they have incurred significant legal fees and suffered damage to their reputations as a result of this lawsuit. They seek the imposition of monetary sanctions against plaintiff to deter him from continuing to harass defendants, and to compensate defendants for the damages suffered in defending this frivolous lawsuit. Defendants present evidence demonstrating that plaintiff was not

5

fired in retaliation for making complaints protected under the False Claims Act but because of dishonesty and poor performance.

According to the affidavit of Mark Marlow, during plaintiff's employment at MK Marlow Company, it came to Marlow's attention that plaintiff was submitting personal charges on his company-issued credit card and was not reimbursing MK Marlow for the expenses incurred. (Docket no. 19, exh. 2). The expenses included plaintiff's cable television bill, charges at a local convenient store, and dinners and drinks at restaurants. After initially lying and stating that the charges were for gas, plaintiff admitted he paid for his personal expenses on the company credit card.

According to Marlow, plaintiff routinely failed to meet expectations when employed in his positions at MK Marlow. Marlow received complaints from general contractors and vendors that plaintiff failed to plan ahead, lied to general contractors, threatened vendors, and failed to keep up with necessary paper work. Eventually, it was discovered that plaintiff had lied about his educational history on his resume he submitted to MK Marlow at the time he applied for employment. Plaintiff represented that he graduated from Purdue University and Bradley University when investigation showed he had not attended either school.

In response to the claims in plaintiff's complaint, Marlow conducted an internal investigation regarding the allegations that MK Marlow was falsifying payroll records and paying subcontractors

6

below the prevailing wage rate required by the Davis Bacon Act. He found that, while some necessary paperwork had not been filed by subcontractors, this was a simple clerical error. The mistake was immediately rectified. Marlow denied that plaintiff had brought this matter to his attention. Marlow personally verified that MK Marlow and its subcontractors paid the prevailing wage rate or higher to all employees of subcontractors.

Marlow further determined that plaintiff's allegations regarding background checks were frivolous. The internal investigation revealed that on the Army Reserve Center Project at Fort Sam Houston, non-E-Verified employees were sent to the jobsite; however, the supervisor was instantly notified and the non-E-Verified employees were immediately told to leave the project. Also, plaintiff never raised any concerns with E-Verification with MK Marlow. Marlow also testifies that memorandums attached to plaintiff's complaint as evidence of his complaints to MK Marlow management about their illegal practices, were never, in fact, delivered to MK Marlow management.

During the internal investigation, Marlow was informed by a former MK Marlow employee that plaintiff revealed that he had stolen materials off of Marlow's personal computer. According to the former employee, plaintiff further stated that MK Marlow could not fire him, because he stole materials from Marlow's computer that he could use to embarrass him. Recently, Marlow received a

7

package through the mail that contained materials of a very personal nature that were only contained on his personal computer. Because plaintiff had access to Marlow's personal computer during his employment, Marlow believes that the package was sent by plaintiff to blackmail, harass, and intimidate Marlow.

Defendants seek sanctions under Rule 11, Fed.R.Civ.P. Rule 11(b) provides that by presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate

8

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. **Rule 11(c)(1), Fed.R.Civ.P.**

Generally, under Rule 11(c)(1)(A), a party's motion for sanctions must first be served on the opposing party and cannot be filed with the court until twenty-one days after service, thus giving the opposing party an opportunity to correct its actions.[1] *Brunig v. Clark*, 560 F.3d 292, 297, n.16 (5th Cir. 2009). However, a district court may impose sanctions after a party or parties voluntarily dismiss their claims, since "Rule 11 is designed to punish a party who has already violated the court's rules." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008), *quoting*, *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). **See Cooter & Gell v. Hartmarx Corp**., 496 U.S. 384, 395 (1990)(district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)). Filing a lawsuit to harass or for any improper purpose can warrant the imposition of Rule 11 sanctions. *Id*. In this case, defendants filed their motions for sanctions after plaintiff filed his motion to dismiss.

Based upon the uncontested evidence presented by defendants, plaintiff's motion to dismiss and defendants' motions for sanctions should be granted. The Court finds that plaintiff did pursue this

---

[1] Defendants' motion for sanctions was filed and served on Galo on November 23, 2011 and the amended motion for sanctions was filed and served on Galo on November 28, 2011. It does not appear that the 21-day time period to permit plaintiff to correct his sanctionable behavior was observed.

lawsuit for an improper purpose and presented false allegations against defendants of retaliation for reporting violations of the False Claims Act. The factual contentions in his complaint lack evidentiary support. Dismissal without prejudice would be prejudicial to defendants. Therefore, this lawsuit should be dismissed *with* prejudice. Also, as sanctions under Rule 11, plaintiff should be ordered to pay to defendants the attorneys fees they incurred as a result of defending this suit.[2] Within the 14-day time period for responding to this Memorandum and Recommendation, defendants should file an Advisory establishing, by affidavit and other proof, the amount of attorneys' fees to which they are entitled.

### Recommendation

It is, therefore, the recommendation of the Magistrate Judge that plaintiff's motion to dismiss be **GRANTED** except that dismissal be **with prejudice**. Is further recommended that defendants' motions for sanctions be **GRANTED**.

### Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested. Pursuant to 28

---

[2]Defendants claim damage to their reputation and indicated, several months ago, that they intended to file a counterclaim against plaintiff. In the District Court's Order of December 1. 2011, defendants were advised that they could proceed with the filing of a counterclaim if they so choose. They did not.

U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. ***Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge***. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from ***de novo*** review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Services Automobile Association***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** March 7, 2012.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE