# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | | |
|---|---|---|
| STEVEN SLADCIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA:11-CA-0529-FB |
| | § | |
| MK MARLOW COMPANY LLC, MARK MARLOW and MIKE ISBELL, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF MICHAEL SHAUNESSY

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

BEFORE ME, the undersigned notary public, appeared Michael Shaunessy, known to me to be the person whose name is subscribed to the following instrument, and who having been duly sworn upon his oath deposed and stated as follows:

1. "My name is Michael Shaunessy. I am over the age of eighteen, and am competent to make this affidavit. I have personal knowledge of all facts set forth herein and all such facts are true and correct. I have never been convicted of a crime.

2. I am a partner in the law firm of Sedgwick L.L.P. I am licensed to practice law by the State Bar of Texas. I have been licensed since 1987. The biographical information disclosed on my resume, which is attached as Exhibit A, is incorporated herein by reference for all purposes. I do not maintain a bibliography per se. I have testified previously on the issue of attorneys' fees. I am familiar with the usual and customary charges for attorneys' services for major business litigation in the Travis County area. I am familiar with the terms of the fee agreements between Sedgwick, L.L.P. ("Sedgwick") and the Defendants in this case. I am also familiar with the services that the Sedgwick firm has rendered to the Defendants. I have testified previously on the issue of attorneys' fees in lawsuits throughout the state of Texas. I am Board Certified by the Texas Board of Legal Specialization in Personal Injury Trial Law.

3. Maria Karos, a partner with our firm, assisted me on this case. Ms. Karos is and has been since 1990 licensed to practice law by the State Bar of Texas. Additional biographical information for Ms. Karos is attached hereto as Exhibit B.

4. Eric Johnston, an associate with our firm, assisted me on this case. Mr. Johnston is and has been since 2009 licensed to practice law by the State Bar of Texas. Additional biographical information for Mr. Johnston is attached hereto as Exhibit C.

*Affidavit of Michael Shaunessy*

5. The rates charged by Sedgwick firm in association with this case are as follows: the hourly rate for partners is between $390.00 and $430.00; the hourly rate for associates is $310.00; and the hourly rate for paralegals is between $100.00 and $115.00. My practice involves representing clients throughout the State of Texas. I am familiar with the usual and customary charges for attorneys' services for litigation in the federal and state district courts of Texas. I am also familiar with the fees customarily charged for similar litigation throughout the State of Texas. The customary hourly rate charged by the lawyers and paralegals working on this case is within the range normally charged in Austin, San Antonio, Seguin, New Braunfels and throughout Texas. I am familiar with the terms of the fee agreement related to my law firm's representation of Defendants. I am also familiar with the services that my law firm has rendered to Defendants.

6. Attached hereto as Exhibit D are unredacted versions of Sedgwick's invoices to Defendants in this matter totaling $115,302.00 in fees and $4,351.93 in expenses. It is my opinion that such invoices are reasonable and were necessary to the defense of this case.

7. I have reviewed the firm's fee bills in this case and the results reached. I periodically visit with other lawyers concerning customary rates in the state district courts throughout Texas. In my opinion the hourly rates charged by attorneys and paralegals working on this matter have been reasonable for work on cases of this type considering the legal and factual complexity and considering the results obtained.

8. Based upon the work done on this case today and the rulings from the court to date, it is my opinion that $119,653.93 in fees and expenses is reasonable and necessary for the defense of this case through the entry of a final judgment.

9. In reaching these opinions, I have considered the factors set out in State Bar Disciplinary Rule § 1.04, as well as the common law rules set out in *General Motors v. Bloyed*, 916 S.W.2d 949, 960-961. (Tex. 1996) and *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818-819 (Tex. 1997), namely:

   a. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

   b. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

   c. The fee customarily charged in the locality for similar legal services.

   d. The amount involved and the results obtained.

   e. The time limitations imposed by the client or by the circumstances.

   f. The nature and length of the professional relationship with the client.

   g. The experience, reputation, and ability of the lawyer or lawyers performing the services."

*Affidavit of Michael Shaunessy*

Further, Affiant sayeth not.

_____
Michael Shaunessy

SUBSCRIBED AND SWORN TO BEFORE ME on this the 21st day of March, 2012, to certify which witness my hand and official seal.


JULIE K. DOSS
MY COMMISSION EXPIRES
September 28, 2015

_____
Notary Public, State of Texas